IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLAN CHANG, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| TAYLOR MORRISON, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Sylan Chang (referred to as "Plaintiff" or "Chang") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Taylor Morrison, Inc. (collectively referred to as "Defendant" or "Taylor Morrison"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1. Chang's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum

wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Taylor Morrison violated the FLSA by employing Chang and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Taylor Morrison violated the FLSA by failing to maintain accurate time and pay records for Chang and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c).

5. Chang brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Chang is an individual who resides in Harris County, Texas and who was employed by Taylor Morrison during the last three years.

2

9. Defendant Taylor Morrison of Texas, Inc. is a Texas corporation that may be served with process by serving its registered agent, National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

10. Whenever it is alleged that Taylor Morrison committed any act or omission, it is meant that the Taylor Morrision's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Taylor Morrison or was done in the routine and normal course and scope of employment of the Taylor Morrison's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. Taylor Morrison is a homebuilder that does business in the territorial jurisdiction of this Court and in other states, including Arizona, California, Colorado and Florida.

12. Taylor Morrison employed Chang as a sales associate from approximately March 21, 2011 until approximately May 8, 2012.

13. During Chang's employment with Taylor Morrison, she was engaged in commerce or in the production of goods for commerce.

14. During Chang's employment with Taylor Morrison, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15. During Chang's employment with Taylor Morrison, she regularly worked in excess of forty hours per week.

16. Taylor Morrison knew or reasonably should have known that Chang worked in excess of forty hours per week.

17. Taylor Morrison paid Chang on a commission basis.

18. Taylor Morrison did not pay Chang overtime as required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. §§ 778.117-778.122 for the hours she worked in excess of forty hours per week.

19. Taylor Morrison knew or reasonably should have known that Chang was not exempt from the overtime provisions of the FLSA.

20. Taylor Morrison failed to maintain accurate time and pay records for Chang and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21. Taylor Morrison knew or showed a reckless disregard for whether its pay practices violated the FLSA.

22. Taylor Morrison is liable to Chang for her unpaid overtime wages, liquidated damages and attorneys' fees and costs from Taylor Morrison pursuant to 29 U.S.C. § 216(b).

23. All sales associates employed by Taylor Morrison are similarly situated to Chang because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime as required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. §§ 778.117-778.122 for the hours she worked in excess of forty hours per week

and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Taylor Morrison pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

24. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

25. Taylor Morrison's refusal to pay Chang overtime wages for the hours she worked in excess of forty

26. During Chang's employment with Taylor Morrison, she was a nonexempt employee.

27. As a nonexempt employee, Taylor Morrison was legally obligated to pay Chang "at a rate not less than one and one-half times the regular rate at which [s]he [was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

28. Taylor Morrison failed to pay Chang for the hours she worked over forty in a workweek at one and one-half times her regular rate.

29. Instead, Taylor Morrison paid Chang on a commission basis without regard to the overtime hours she worked in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. §§ 778.117-778.122 .

30. If Taylor Morrison classified Chang as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

31. Taylor Morrison knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Taylor willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA identified above, Taylor Morrison also failed to keep proper time records as required by the FLSA.

### VI. Count Three—Collective Action Allegations

35. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. On information and belief, other employees have been victimized by Taylor Morrison's violations of the FLSA identified above.

37. These employees are similarly situated to Chang because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages worked at one and one-half times their regular rates for hours worked over forty in a workweek.

38. Taylor Morrison's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, Chang's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

40. All employees of Taylor Morrison, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that she worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All sales associates employed by Taylor Morrison during the last three years.

41. Taylor Morrison is liable to Chang and other sales associates for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because Taylor Morrison knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Chang and the other sales associates their unpaid overtime wages for at least the last three years.

43. Taylor Morrison is liable to Chang and the other sales associates an amount equal to their unpaid overtime wages as liquidated damages.

44. Taylor Morrison is liable to Chang and the other sales associates for their reasonable attorneys' fees and costs.

45. Chang has retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VI.  Jury Demand

46. Chang demands a trial by jury.

## VI.  Prayer

47. Chang prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding Chang and other sales associates all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

   e. All such other and further relief to which Chang and the other sales associates may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Curt Hesse
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**